# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ANTHONY NASH, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-18-2379 |
| PRINCE GEORGE'S POLICE DEPT. | * | |
| KIMBERLY B. RIGHTER, | | |
| SHERRIE M. WALDRUP, | * | |
| CPL. KELLY ROGERS, #1851 | | |
| POLICE OFFICER VISBAL, #3755 | * | |
| PFC LINE, #3446, | | |
| SGT. HAYES, #2066, | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM OPINION**

Plaintiff Michael Anthony Nash filed a civil rights complaint, ECF No. 1, on August 2, 2018, along with a Motion to Proceed in Forma Pauperis, ECF No. 2. Nash is incarcerated at Jessup Correctional Institution and alleges that the named Defendants deprived him of his constitutional rights in connection with his criminal case. *See State of Maryland v. Nash*, Case No. CT131081X (Prince George's Cty. Cir. Ct. 2013).[1] Nash entered a guilty plea to attempted second degree murder; he was sentenced to 30 years of incarceration with all but 20 years suspended. *Id.* The conviction has not been overturned through appellate or post-conviction review.[2] Because Plaintiff fails to state a claim against Righter or Waldrup and cannot bring a claim pursuant to 42 U.S.C. § 1983 while his petition for post-conviction relief remains pending

---

[1] *See* http://casesearch.courts.state.md.us/inquiry.

[2] As of the date of this Order, Nash's state post-conviction petition remains pending. *Id.*

in state court, the complaint will be dismissed and Plaintiff's Motion to Proceed in Forma Pauperis will be granted.[3]

## Standard of Review

As noted, Nash filed his complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). To state a claim sufficiently to survive dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a

---

[3] Plaintiff has also filed a Motion for Production of Documents. ECF No. 4. In light of the dismissal of Plaintiff's Complaint, the Motion is denied.

cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–23 (4th Cir. 1989).

## Defendant Waldrup

Defendant Sherri M. Waldrup was the Assistant State's Attorney involved in prosecuting Nash. Compl. 2–3. Nash claims that Waldrup had knowledge that the indictment was defective. *Id.* at 4–5. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117–18 (4th Cir. 2018). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422–23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit recently stated in *Nero*:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431.

890 F.3d at 118. Nash's claim against Waldrup is barred and must be dismissed. *See id.*

3

### Defendant Righter

Nash also names as a Defendant Kimberly B. Righter, a public defender appointed to represent him in his criminal trial. Compl. 4. He asserts that his public defender also knew or should have known that indictment was defective. *Id.* Defense attorneys, whether appointed or privately retained, do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980); *Polk Cty. v. Dodson*, 454 U.S. 312, 453–54 (1981). Thus, Nash cannot state a claim against Righter under § 1983 based on her conduct serving as his attorney. *See* 42 U.S.C. § 1983. While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Here, Nash does not offer anything in support of his assertion that Righter conspired with the state officials. This claim is a naked assertion of conspiracy and must be dismissed. *See Tower*, 467 U.S. at 920; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### Defendants Prince George's Police Department and Officers

The remaining named Defendants are the Prince George's Police Department and individual police officers involved in the investigation of the criminal case against Nash. As noted, Nash's conviction has not been overturned or otherwise invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court ruled:

> [T]o recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

The complaint allegations, if allowed to proceed, will go to the validity of the criminal judgment. As in *Heck* itself, the pendency of an appeal or post-conviction proceedings does not change the result. Unlike where criminal trial proceedings are ongoing or imminent, as in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), a judgment has been entered in this case. Accordingly, the claims against the Prince George's Police Department and the individually named police officers will be dismissed without prejudice.

## Conclusion

In sum, Plaintiff fails to state a claim against any of the Defendants he named. Accordingly, his Complaint must be dismissed in its entirety.

A separate Order follows.

11/6/2018
Date

Paul W. Grimm
United States District Judge